| | |
|---|---|
| 1 | **HEFFERNAN LAW GROUP PLLC** |
| 2 | Monica Kim Sham (SBN 321781) |
| 3 | 1201 Market Street |
|   | Kirkland, Washington 98033 |
| 4 | T:  425.284.1150 |
| 5 | E: monica@heffernanlawgroup.com |
| 6 | |
|   | Attorney for Plaintiff Starline Windows Inc. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLINE WINDOWS INC.; a Washington corporation, | Case No. **'21CV0578 TWR DEB** |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT |
| vs. | |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; an Illinois corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMES NOW the Plaintiff, Starline Windows Inc. ("Starline"), by and through its undersigned attorney of record, and for a complaint against the Insurance Company of the State of Pennsylvania ("ICSOP"), states and alleges as follows:

### I.  PARTIES

1. Starline is a Washington corporation with its principal place of business in Washington. Starline has paid all fees, fulfilled all conditions precedent, and is entitled in all respects to prosecute its claims herein.

2.   ICSOP is an Illinois corporation with its principal place of business in New York. On information and belief, ICSOP is in the business of providing insurance to members of the public in the state of California.

## II.   JURISDICTION AND VENUE

3.   This court has jurisdiction over the parties and the subject matter of this lawsuit under 28 U.S.C. §1332 (Diversity) and 28 U.S.C. §2201 (Declaratory Judgment). The amount in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. §1332(a).

4.   Venue is proper in this court and district because events or omissions giving rise to the claim occurred in this district, where the insurance contract at issue was made and/or breached, where the project at issue is located, and/or where the parties transact(ed) business.

## III.   FACTUAL BACKGROUND

5.   ICSOP issued an owner-controlled insurance policy to insure ongoing and completed operations at the condominium project commonly referred to as the Grande North at Santa Fe Place located at 1205 Pacific Highway, San Diego, California 92101 ("Grande North"), Policy No. 4203-4877, effective July 1, 2003 (the "ICSOP Policy"). A true and correct copy of the ICSOP Policy is attached hereto as ***Exhibit 1***, and is incorporated as if set forth herein.  The ICSOP Policy is a written contract between Starline and ICSOP, and Starline is an insured under the ICSOP Policy.

6.   The ICSOP Policy follows form to the underlying owner-controlled insurance policy that was issued by Liberty Mutual Fire Insurance Company ("Liberty"), Policy No. RG2-691-004303-023, effective July 1, 2003 (the "Liberty Policy").  A true and correct copy of the Liberty Policy is attached hereto as ***Exhibit 2***, and is incorporated as if set forth herein.  The Liberty Policy is a written contract between Starline and Liberty, and Starline is an insured under the Liberty Policy.  The ICSOP Policy and Liberty Policy are collectively referred to herein as the "Policies".

7. Starline has complied with all terms and conditions of the Policies, including timely notice of claim, and there are no conditions precedent that remain unsatisfied.

8. In or around June 2003, Starline entered into a contract with Bosa Development California, Inc. ("Bosa"), the developer of Grande North, to furnish and install windows in connection with the construction of Grande North.

9. In or around March 2004, Starline subcontracted with Star Team Installations Inc. ("Star Team") for installation of such windows in connection with the construction of Grande North.

10. In or about early 2014, Starline became aware that certain window components furnished by Starline and installed by Star Team at Grande North were suffering physical injury and loss of use due to an alteration in appearance, shape, color, and/or other material dimension for which individual homeowners at Grande North, the Grande North Homeowners Association, and/or Bosa were making and/or subsequently made claims and/or demands against Starline for repairs, damages, costs and/or expenses.

11. On or around March 27, 2014, Starline timely provided notice and tendered defense and indemnity of such claims and demands to ICSOP. Starline provided further notices and tenders of defense and indemnity of these claims to ICSOP and to Liberty.

12. ICSOP never responded to Starline's notices and/or tenders, therefore Starline was forced to protect its interests by proceeding to investigate, defend, settle, and repair the property damage at Grande North.

13. By letter from counsel for Liberty dated April 3, 2017, Starline was informed that the Liberty Policy had been exhausted and therefore Liberty declined to indemnify Starline for claims arising out of Grande North. Accordingly, Starline was thereby informed that ICSOP was obligated under the ICSOP Policy for defense and indemnity of Starline for the claims arising out of Grande North.

## IV. FIRST CAUSE OF ACTION: DECLARATORY RELIEF

14. Starline realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

15. An actual and immediate controversy exists between Starline and ICSOP concerning their respective rights and obligations under the ICSOP Policy, in that Starline contends that the ICSOP Policy provides coverage to Starline for defense and indemnity of claims asserted against Starline arising out of Grande North.

16. Specifically, Starline's costs to investigate, defend, settle, and repair the property damage at Grande North constitute sums that Starline was legally obligated to pay by reason of liability imposed by law because of "property damage" that took place during the policy period, and caused by an "occurrence," as each of those terms are defined in the ICSOP Policy. No exclusions in the ICSOP Policy apply, and/or ICSOP has waived or is estopped to rely upon any such exclusions. To the extent any exclusions do apply, coverage is provided under an exception to such exclusions.

17. A judicial determination is necessary and appropriate at this time because Starline has incurred and/or will incur substantial damages due to the fact that ICSOP has failed and/or refused to acknowledge its duty to defend and indemnify Starline in connection with Grande North, including attorney fees and costs, and no adequate remedy is available at law. The issuance of declaratory relief will terminate the existing controversy between the parties.

18. Starline is entitled to a declaratory judgment on all of the coverage disputes between Starline and ICSOP, including but not limited to, the following:

    a. ICSOP is estopped and/or otherwise precluded from denying coverage for claims against Starline arising out of Grande North; and

    b. ICSOP is obligated to indemnify and reimburse Starline with respect to Starline's costs to investigate, defend, settle, and repair the property damage at Grande North.

### V. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

19. Starline realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

20. ICSOP, under the terms of the ICSOP Policy, has a duty to defend and indemnify Starline for claims against Starline arising out of Grande North, among other contractual obligations.

21. ICSOP's failure to defend Starline, and denial of and/or failure to indemnify and/or reimburse Starline for the claims against Starline arising out of Grande North is a breach of the ICSOP Policy.

22. As a direct and proximate result of ICSOP's breach of its obligations under the ICSOP Policy, Starline has incurred and/or will incur substantial damages, costs, and liabilities, including but not limited to defense costs, repair costs, fees and costs of attorneys, experts, and others, for which ICSOP is liable to Starline. Further, Starline has been compelled to bring this action to obtain the full benefits due Starline under the ICSOP Policy.

23. ICSOP is liable to Starline for Starline's losses and damages, as well as pre-judgment and post-judgment interest, and for Starline's costs, losses, and expenses, including attorney fees, incurred to obtain coverage due Starline under the ICSOP Policy.

## VI. RESERVATION OF RIGHTS

24. Starline realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Starline reserves the right to amend this Complaint to allege any additional policy provision or claim which may be relevant to this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, STARLINE PRAYS for judgment and relief as follows:

1. For an order declaring that the ICSOP Policy covers the claims against Starline arising out of Grande North;

2. For an order declaring that ICSOP breached the ICSOP Policy by failing to timely defend, indemnify and/or reimburse Starline with respect to the claims arising out of Grande North;

3. For an order declaring that ICSOP is obligated to indemnify and reimburse Starline for its costs proven to investigate, defend, settle, and repair the property damage at Grande North;

4. For an order declaring that ICSOP is estopped and/or otherwise precluded from denying coverage for Starline's costs proven to investigate, defend, settle, and repair the property damage at Grande North;

5. For an order awarding Starline all damages proven as a result of ICSOP's breach of contract, together with its attorney fees, costs, and expenses incurred to assume the burden of this lawsuit to obtain the benefits of the ICSOP Policy.

6. For pre-judgment and post-judgment interest, as allowed by the parties' contract(s), principles of equity, and at law; and

7. For such other and further relief as the Court deems just, proper, and equitable.

DATED this 2nd day of April, 2021

By: s/Monica Kim Sham
Monica Kim Sham
Attorney for Starline Windows Inc.
Email: monica@heffernanlawgroup.com