# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLINE WINDOWS INC., a Washington Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, an Illinois Corporation,<br><br>　　　　　Defendant. | Case No. 3:21-cv-00578-TWR-DEB<br><br>**ORDER GRANTING JOINT MOTION AND ENTERING STIPULATED PROTECTIVE ORDER**<br><br>**DKT. NO. 16** |

　　　The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive and/or other valid business reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

　　　The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost,

price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs, regardless of how it is generated, stored, or maintained.

2. The term "counsel" will mean outside counsel of record, house counsel, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms representing the parties to this action, which currently are the law firms identified below:

- Procopio, Cory, Hargreaves & Savitch, LLP
- Heffernan Law Group PLLC
- Nicolaides Fink Thorpe Michaelides Sullivan LLP

3. The term "designating party" will mean a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4. The term "expert" will mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

5. The term "house counsel" will mean attorneys who are employees of a party to this action, including their support staffs. House counsel does not include outside counsel of record or any other outside counsel.

     6.     The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; files; manuals; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; and models, prototypes, and other physical objects.

     7.     The term "non-party" will mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

     8.     The term "outside counsel of record" will mean attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including their support staffs.

     9.     The term "party" will mean any party to this action, including all of its officers, directors, employees, claim administrators, consultants, retained experts, and outside counsel of record.

     10.     The term "producing party" will mean any party or non-party that produces material in this action.

     11.     The term "protected material" will mean any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party designates as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

12. The term "receiving party" will mean any party that receives protected material from a producing party.

## GENERAL RULES

### DURATION

13. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### DESIGNATING PROTECTED MATERIAL

14. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered

to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

15. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

16. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the

|   |   |
|---|---|
| 1 | court reporter, and the person(s) agreed upon pursuant to |
| 2 | paragraph 8 below; and |
| 3 | c. The originals of the deposition transcripts and all copies of the |
| 4 | deposition must bear the legend "CONFIDENTIAL" or |
| 5 | "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, |
| 6 | and the original or any copy ultimately presented to a court for |
| 7 | filing must not be filed unless it can be accomplished under seal, |
| 8 | identified as being subject to this Order, and protected from |
| 9 | being opened except by order of this Court. |

17. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, routinized designations, or designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) are prohibited.

**ACCESS TO AND USE OF PROTECTED MATERIAL**

18. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

///

19. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by the receiving party, counsel (as defined in paragraph 2) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

20. Information designated "CONFIDENTIAL" must be viewed only by the receiving party, counsel (as defined in paragraph 2) of the receiving party, by independent experts (pursuant to the terms of paragraph 19), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. Executives who are required to participate in policy decisions with reference to this action;

    b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c. Stenographic and clerical employees associated with the individuals identified above.

21. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

22. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the receiving party and/or counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

23. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

24. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials

at issue must be treated as confidential until the Court has ruled on the objection, or the matter has been otherwise resolved.

### FILING PROTECTED MATERIAL PURSUANT TO JUDGE BUTCHER'S CHAMBERS RULES

25.  No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal.  A sealing order will issue only upon a showing that the information is privileged or protectable under the law.  The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

26.  To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2.  In addition, a party must file a redacted version of any document that it seeks to file under seal.  The document must be titled to show that it corresponds to an item filed under seal, e.g., 'Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment.'  The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request."

### DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS

27.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" only to:

/ / /

/ / /

a. the receiving party's counsel in this Action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this action;

b. the officers, directors, claim administrators, and employees (including house counsel) of the receiving party to whom disclosure is reasonably necessary for this action;

c. experts (as defined in this Order) of the receiving party to whom disclosure is reasonably necessary for this action;

d. the court and its personnel;

e. court reporters and their staff;

f. professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action;

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

i. auditors, accountants, regulators, reinsurers, reinsurance intermediaries or retrocessionaires of a party to whom disclosure is reasonably necessary for this action and/or who demand access and have a contractual, business, legal or other regulatory right to review such protected material; and

j. any other person or entity that the designating party agrees to in writing.

///

///

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

28. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

   a. promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

   b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

   c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.

29. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

## A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

30. The terms of this Protective Order are applicable to information produced by a non-party to this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected

by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

31. In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

    a. promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    b. promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c. make the information requested available for inspection by the non-party.

32. If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent an order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its protected material.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

33. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of

such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

34. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

## INADVERTENT DISCLOSURE OF PROTECTED MATERIAL

35. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

## FINAL DISPOSITION

36. Upon the final disposition of this action, including all appeals, the receiving party and/or counsel (as defined in paragraph 2) of the receiving party may maintain copies of any confidential information, however, all retained confidential information shall continue to be treated as confidential in accordance

with the terms of this Agreement. The parties, on their own or by and through their counsel, may also return the confidential information or certify by affidavit or attestation that the confidential information has been destroyed within sixty (60) days of the final disposition of this matter. Any Protected Material that is maintained will remain subject to this Protective Order as set forth in Section 2 (DURATION).

## MISCELLANEOUS

37. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

38. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

39. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

40. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

41. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's

legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

42. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

43. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

44. This Order may be modified by agreement of the parties, subject to approval by the Court.

45. The Court may modify the Order in the interest of justice or for public policy reasons, for good cause, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

Dated: October 1, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge